UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL BURNETT,

CASE NO. 18-12471

*Plaintiff,*

DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

KRISTY EELBODE, et al.,

*Defendants.*

_____/

## REPORT & RECOMMENDATION ON PLAINTIFF'S AMENDED COMPLAINT and *SUA SPONTE* SCREENING OF AMENDED COMPLAINT


## I.      Recommendation

Before the Court is Plaintiff Michael Burnett's amended complaint, which he filed

without an accompanying motion for leave to amend. (ECF No. 35.) For the reasons that follow,

I **RECOMMEND** that the Court **GRANT** Plaintiff permission to amend, screen the case under

28 U.S.C. § 1915 and **DISMISS** Defendant P. Warren for failing to state a claim, and **DISMISS**

the two Jane Doe defendants under Federal Rules of Civil Procedure 4 and 41(b). If this report

is adopted, the remaining Defendants would be Kristy Eelbode and Kevin Herron.

## II.      Report

### A.      Factual and Procedural History

Plaintiff filed his original complaint on August 9, 2018. (ECF No. 1, PageID.2-4.)

According to the amended complaint currently before the Court, Defendant Kevin Herron and

Defendant Jane Doe 1 force him to "ingest" feces about three times a week. (ECF No. 35,

1

PageID.177-178.) Plaintiff told Defendant Jane Doe 2, and Herron, that he intended to file a grievance after Doe 1 smeared him with feces. (*Id.*) He also claims that Doe 2 permitted Doe 1 to enter Plaintiff's housing unit to smear him with feces. (*Id.*, PageID.180.) He then informed his psychologist, Defendant Kristie Eelbode, about these events. (*Id.*, PageID.178.) She refused to believe it, Plaintiff claims, calling him delusional due to his paranoid schizophrenia. (*Id.*, PageID.178.) She thereby "covered up the fact that I am being forced to ingest defendant Herron and defendant Doe #1 [*sic*] bodily waste," Plaintiff alleges. (*Id.*) Plaintiff brings a claim of excessive force against Herron and Doe 1, deliberate indifference against Doe 2, and civil conspiracy against Eelbode. (*Id.*, PageID.179-180.)

On May 31, 2019, the Court ordered the U.S. Marshals Service to effect service of process on Plaintiff's behalf, as he is proceeding *in forma pauperis*. (ECF No. 16, PageID.91.) In addition, the Court gave Plaintiff 120 days to identify the names and address of the Jane Doe defendants, warning that the claims against them would be dismissed without this information or a good-cause extension. (*Id.*, PageID.92.)

As time was winding down on the 120-day clock, Plaintiff sought an extension. (ECF No. 24.) On September 11, 2019, the Court granted him an additional 30 days, stretching the deadline to October 28, 2019. (ECF No. 25, PageID.119.) Plaintiff next sought to compel discovery and enlarge the time for completing discovery, which the Court rejected. (ECF No. 28, 29, 33.)

Defendants have not yet filed an answer or motion responding to the original complaint. On February 29, 2020, Plaintiff filed an amended complaint without a motion to amend. (ECF No. 35.)

## B.    Amended Complaint

Federal Rule of Civil Procedure 15(a)(1) provides for amendments as a matter of course:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

"In all other cases, party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant leave, courts consider undue delay, lack of notice, prejudice to the opposing party, and the futility of the amendments; the "critical factors" are notice and prejudice. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted). An amendment "is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Co.*, 408 F.3d 803, 817 (6th Cir. 2005).

In cases like the present, "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in jail, prison, or other correctional facility under section 1983 . . . ." 42 U.S.C. § 1997e(g)(1). Because a responsive pleading is not strictly required, it could be argued that Rule 15(a)(1)(B) was unavailable to Plaintiff, and that he could amend as a matter of course only under Rule 15(a)(1)(A) within 21 days of serving his original complaint, which he failed to do. *See Heard v. Strange*, 2018 WL 4576797, at *2-3 (E.D. Mich. May 22, 2018), *rep. & rec. adopted in part and rejected in part on other grounds by* 2018 WL 4178496 (E.D. Mich. Aug. 31, 2018).

There is no need to address this issue here because the outcome of granting or denying the amendment—either by right or by leave—is practically identical. If Plaintiff were entitled to

3

amend by right, his new complaint would be subject to screening under 28 U.S.C. § 1915 for failure to state a claim; if he needed leave to amend, any amendments that failed to state a claim would be futile and denied. And, because his new and old complaints are essentially equivalent, and the most significant change fails to state a claim, denying the amendment leaves the case in nearly the same position. Thus, the disposition of the amendment is practically inconsequential. Because the Defendants have yet to file any responses to the original complaint and amendments are consistent with the old ones—no new facts have been added—Defendants would not be prejudiced by allowing the amendment and I recommend permitting the amendment and then screening the case under 28 U.S.C. § 1915.

### C.    *In Forma Pauperis* Screening

Under 28 U.S.C. § 1915(e)(2)(B), court can *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But

4

the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.*

In this case, Plaintiff's amended complaint makes no allegations concerning Warren. This is fatal to the claim. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Co. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). As such, "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). The complaint says nothing about how Plaintiff was personally involved in any of the episodes that form the factual bases for Plaintiff's claims. Instead, it appears from Plaintiff's motion to effectuate service that he hopes adding Warren will enable broader discovery, perhaps to obtain the identities of the Doe defendants. (ECF No. 36.) That hope does not provide a basis for § 1983 liability. Consequently, Warren should be dismissed.

### D.    Jane Doe Defendants

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)

(quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." EDMI L.R. 41.2.

The Sixth Circuit is guided by four factors in determining whether a case should be dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

One way a plaintiff might fail to prosecute a case is by failing to complete service of process. Under Federal Rule of Civil Procedure 4, plaintiffs must serve the summons and complaint on the defendant within 90 days, unless good cause exists for an extension. But for plaintiffs proceeding IFP, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service [of process] be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

6

This work falls to the Marshals under 28 U.S.C. § 566(c). Plaintiffs are not absolved from all responsibility, however. Courts have noted that plaintiffs must take steps to help identify the defendants so that the U.S. Marshals Service can serve them. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (noting that the statutes and court rules "reliev[ed] a plaintiff of the burden to serve process *once reasonable steps have been taken to identify for the court* the defendants named in the complaint" (emphasis added)); *see also Owens v. Riley*, No. 11-1392, 2012 U.S. App. LEXIS 4560, at *10 (6th Cir. Jan. 6, 2012) ("A plaintiff using the U.S. Marshal's Service for service of process 'must provide sufficient information to identify the defendant with "reasonable effort."'" (quoting *Danik v. Housing Auth. Of Baltimore City*, 396 F. App'x 15, 16 (4th Cir. 2010))). Accordingly, "[f]ailure to identify and serve Doe defendants (or provide names and addresses for these defendants to the U.S. Marshals Service to permit it to effectuate service), constitutes failure to prosecute and warrants a dismissal . . . under both Rules 4(m) and 41(b)." *Saucier v. Camp Brighton Prison*, 2016 WL 11468926, at *3 (E.D. Mich. Apr. 26, 2016), *rep. & rec. adopted by* 3251761 (E.D. Mich. June 14, 2016); *see also Castleberry v. Trans Union, LLC*, 2013 WL 6480827, at *2 (E.D. Mich. Dec. 10, 2013) ("Dismissal of Doe defendants is proper where a plaintiff fails to identify and serve any Doe defendants within the [90] days provided for in Rule 4(m).").

I suggest that Plaintiff's claims against the Doe defendants be dismissed under Rules 4(m) and 41(b). Under the four factors for Rule 41(b) dismissals, the first consideration is fault. Here, any fault for the failure to identify the Doe defendants rests with Plaintiff. He instituted this case one and a half years ago. It has been nine months since the Court gave him 120 days for the identifications. While he may not have acted willfully or in bad faith, he has had ample time to

discover the Does' identities. Second, the long delay would likely prejudice the Doe defendants by "adversely impact[ing] the quality of evidence available to the defense due to diminished memories and lack of preservation of evidence potentially necessary for a robust defense." *Saucier*, 2016 WL 11468926, at *3. This concern is somewhat reduced here because other Defendants have been served and, consequently, some useful evidence might be preserved. Still, as to the Does themselves, the possibility of reduced recall or discarded documents remains. Third, Plaintiff was warned well over a year ago that the claims against the Does "will be dismissed" if he cannot identify these defendants. (ECF No. 16, PageID.92.) Fourth, Plaintiff was granted a 30 day extension last fall and, as a practical matter, has had up to the present to identify the Doe defendants. (ECF No. 25.) According to Plaintiff, he has even sought discovery on the topic, to no avail. (ECF No. 36, PageID.186-187.) Consequently, there is no reason to believe that granting yet another extension will result in uncovering the Defendants' identities.

Thus, I recommend dismissing the Doe defendants from the case.

### E.   Conclusion

For the reasons above, I **RECOMMEND** that the Court **GRANT** Plaintiff permission to amend, screen the case under 28 U.S.C. § 1915 and **DISMISS** Defendant P. Warren for failing to state a claim, and **DISMISS** the two Jane Doe defendants under Federal Rules of Civil Procedure 4 and 41(b).

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond

8

to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 28, 2020

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

**<u>CERTIFICATION</u>**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Michael Burnett #200640 at Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

Date: February 28, 2020                     By s/ Kristen Castaneda
                                            Case Manager

10