UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Burnett,

        Plaintiff,        Case No. 18-12471

v.

                              Judith E. Levy
                              United States District Judge

Kristy Eelbode, *et al.*,

                              Mag. Judge Patricia T. Morris

        Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S OBJECTIONS [43] TO THE REPORT AND RECOMMENDATION [37]**

Plaintiff Michael Burnett filed two objections to the Magistrate Judge's report and recommendation ("R&R"). (ECF No. 43.) For the reasons set forth below, the Court grants Plaintiff's objections.

### I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

### II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve

proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See*

*Pearce*, 893 F. 3d at 346. Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

#### A. Objection 1: Defendant Warren

Plaintiff's first objection regards the R&R's recommendation that the claims against Defendant P. Warren be dismissed. The R&R states that, since Warren is sued in his individual capacity, Plaintiff's failure to make specific allegations against him is fatal to his claim under 42 U.S.C. §1983. (ECF No. 37, PageID.195.) Plaintiff argues this is an error because Plaintiff seeks injunctive relief against Warren in his official capacity. (ECF No. 43, PageID.215.)

"Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Also, the general rule of immunity does not apply where injunctive relief is sought against a state actor in their official capacity. *Ernst v. Rising*, 427 F.3d 351, 358–

3

59 (6th Cir. 2005); *Ex parte Young*, 209 U.S. 123, 155–56 (1908) ("immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law").

Plaintiff is correct in his objection: his amended complaint names Warren in his official capacity. (ECF No. 35, PageID.177.) And it also contemplates injunctive relief against Warren where it states that he seeks "a preliminary injunction that defendant warden Warren [is] to report to the Michigan State Police that the defendant(s) Herron, Eelbode, and Does forced me to ingest their waste ("feces") etc., and attempted to cover it up by falsifying my mental health records." (*Id.* at PageID.180-181.)

Accordingly, the Court rejects the R&R's recommendation that Plaintiff's failure to make specific allegations regarding Warren is fatal under 42 U.S.C. § 1983. Additionally, since Plaintiff does not seek money damages against Warren and sues him in his official capacity, Plaintiff's objection is sustained and Plaintiff's amended complaint as to Warren may proceed.

B. Objection 2: Jane Does

Next, Plaintiff objects to the R&R's recommendation that two Jane Does be dismissed for Plaintiff's failure to identify the Jane Does' identity and failure to prosecute. (ECF No. 37, PageID.197.) Federal Rule of Civil Procedure 41(b) provides four factors to consider in determining whether a case should be dismissed for want of prosecution:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015). Here, the R&R focuses on Plaintiff's failure to identify the Jane Does and effectuate service. The R&R correctly notes that Plaintiff initiated this case nearly two years ago. (ECF No. 1.) Plaintiff has been granted several extensions of time but has still not identified the Jane Does or effectuated service on them.

While the Court agrees with the R&R's report of the extensions granted, passage of time, and delay, it is troubled by what transpired when Plaintiff took steps within the deadline to discover the Jane Does' identities. As relevant here, Federal Rule of Civil Procedure 26(b)

5

provides that parties may obtain discovery concerning any matter "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The federal discovery rules provide a liberal standard as to what is discoverable. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Plaintiff served a discovery request on Defendant Eelbode seeking the "duty roster for [December 28, 2017]." (ECF No. 43, PageID.221.) Plaintiff explains in his objections to the R&R that he believed that this roster would identify the Jane Does and would have then allowed him to proceed with his lawsuit against them. (*Id.* at PageID.216.) Rather than produce the roster, however, the Michigan Attorney General's office responded, in relevant part, "to the extent Plaintiff is seeking to learn the identities of the alleged 'Jane Doe' defendants, the Magistrate Judge's report and recommendation regarding Plaintiff's amended complaint recommends dismissal of the Jane Doe defendants." (*Id.* at PageID.222.)

Here, Plaintiff's discovery request was specific, limited in scope, directly related to the facts alleged. Whether or not the requested material would actually lead Plaintiff to the identity of Jane Does remains unknown. But the request itself was narrowly tailored to lead to

6

information that Plaintiff believed contained what he needed to proceed with his case. Defendant's response inappropriately foreclosed that possibility in a manner that did not take into account the obligations imposed under the Federal Rules of Civil Procedure.[1] Accordingly, the Court finds that Plaintiff took a reasonable step to discover the identities of the Jane Does before the deadline had passed. His inability to do so, at least as it relates to the discovery request set forth above, was not due to his own bad faith or fault, but rather that of Defendant Eelbode.

Under the Court's inherent authority to manage its docket, *see In re NLO*, Inc., 5 F.3d 154, 157 (6th Cir. 1993) ("District courts unquestionably have substantial inherent power to manage their dockets"), the Court orders that Defendants produce the information sought by Plaintiff in his discovery request within fourteen days of this order.

Once Plaintiff is in receipt if the material, he must take immediate steps to effectuate service on the Jane Does within thirty days of receipt or otherwise voluntarily dismiss his complaint against them. If Plaintiff

---

[1] Notably, as it relates to the Rule 41(b) factors, however, the Defendants did not object on the basis of undue prejudice. Any prejudice to Defendants in allowing the identity of Jane Does to be known is therefore speculative at best.

fails to do so, the Court will dismiss his claims against the Jane Does for failure to prosecute, and for the reasons set forth in the R&R.

## IV. Conclusion

For the reasons set forth above, the Court grants Plaintiff's objections.

IT IS SO ORDERED.

Dated: June 15, 2020      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2020.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager