UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Burnett,

      Plaintiff,  Case No. 18-12471

v.

            Judith E. Levy
            United States District Judge
Kristy Eelbode, *et al.*,

            Mag. Judge Patricia T. Morris

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S OBJECTIONS [66] AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [63]**

**AND**

**ORDER DISMISSING DEFENDANTS
JANE DOE 1 AND JANE DOE 2 WITH PREJUDICE**

Plaintiff Michael Burnett filed two objections (ECF No. 66) to Magistrate Judge Patricia T. Morris' Report and Recommendation ("R&R") recommending the Court grant Defendants Kristy Eelbode and Pat Warren's motion for summary judgment (ECF No. 49), deny Defendants Eelbode and Warren's motion to file records under seal (ECF No. 48), deny Plaintiff's motion to compel discovery (ECF No. 44), deny

Plaintiff's motion for leave to file a second amended complaint (ECF No. 53), and deny Plaintiff's motion for civil contempt (ECF No. 55). (ECF No. 63.)

Judge Morris issued the R&R on January 12, 2021. (*Id.*) The parties were required to file specific written objections, if any, within fourteen days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). In a motion signed on January 22, 2021, Plaintiff requested an extension of time to file objections to the R&R. (ECF No. 64.) The Court extended the objections deadline to February 24, 2021. (ECF No. 65.) Plaintiff's objections are dated February 26, 2021 (*see* ECF No. 66, PageID.554), and are therefore untimely. The Court nevertheless considers the merits of his objections, as well as Defendants' response. (ECF No. 67.)

For the reasons set forth below, Plaintiff's objections are granted. The R&R is ADOPTED IN PART. Additionally, Defendants Jane Doe 1 and Jane Doe 2 are DISMISSED WITH PREJUDICE.

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that

3

objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

#### A. Defendants Eelbode and Warren

Plaintiff's objections relate exclusively to the R&R's recommendation to grant Defendants Eelbode and Warren's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff identifies his objections as follows:

> Objection No. 1 To The Report And Recommendation Adopting The Defendants' Argument That Plaintiff Did Not Exhaust His Step III Grievance Appeal In A Timely Manner.
>
> * * *
>
> Objection No. 2 To The Report and Recommendation Adopting The Defendants' Argument That Plaintiff's Step II Grievance Appeal Did Not Mention Eelbode or Warren By Name[.]

4

(ECF No. 66, PageID.552–553.) Both objections involve the same grievance, which is identified by grievance number MRF-18-01-0016-28E. (*See* ECF No. 49-10, PageID.345–348; ECF No. 61, PageID.468–472.) The grievance was previously assigned grievance number MRF-18-01-0016-12B.[1] (*See id.*) Eelbode's name appears in this grievance; Warren's name does not. (*See id.*)

> *i. Objection 1: The Timing of Plaintiff's Step III Grievance Appeal*

Plaintiff first objects to the R&R's conclusion that the grievance at issue "was not properly exhausted" because it "was filed untimely at the Step III level." (ECF No. 63, PageID.531–532.) The R&R states that the Supreme Court "reasoned [in *Woodford v. Ngo*, 548 U.S. 81, 95 (2006),] that an untimely filed grievance must not be properly exhausted." (ECF No. 63, PageID.530.) The R&R also states that "[t]he Sixth Circuit, following this reasoning, has granted summary judgment based on improper exhaustion where grievances were untimely filed." (*Id.* (citing *Cook v. Caruso*, 531 F. App'x 554, 561–63 (6th Cir. 2013); *Gardner v.*

---

[1] The Step III Grievance Response states that the "grievance tracking number" was changed "to reflect the grievance category code at Step III." (ECF No. 49-10, PageID.345; ECF No. 61, PageID.472.)

5

*Mich. Dep't of Corr.*, No. 18-1609, 2018 WL 8454299, at *4 (6th Cir. Dec. 18, 2018)). The R&R finds that

> [t]his standard and reasoning applies in this case, too. In Exhibit I [to Defendants' summary judgment motion], which contains the grievance that names Eelbode, the response to that grievance at Step III includes the following language: "In accordance to PD 03.02.130 grievances are to be rejected when untimely. Pursuant to policy, this grievance was untimely filed by the grievant at the Step III appeal. The grievant's Step III appeal was to be received by March 13, 2018, however it was not received until March 27, 2018." (ECF No. 49, Exhibit I, PageID.345.) Indeed, PD 03.02.130 dictates that "[t]o file a Step III grievance, the grievance [sic] must send [the proper form] to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due, including any extensions." MDOC PD 03.02.130(FF) (eff. July 9, 2007). As in *Woodford*, *Cook*, and *Gardner*, I suggest that this grievance, which was filed untimely at the Step III level, did not properly exhaust Plaintiff's administrative remedies. Unfortunately for Plaintiff, this is the only grievance that names Eelbode or refers to any of the conduct complained of in this case. Pursuant to [Michigan Department of Corrections (MDOC)] policy, to be properly exhausted, even a timely-filed grievance must include the following information:
>
>> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and

6

> names of all those involved in the issue being grieved are to be included.

MDOC PD 03.02.130(R) (eff. July 9, 2007). Plaintiff's other grievances do not mention Eelbode or Warren, and as discussed, the only grievance that does mention Eelbode was not properly exhausted.

(ECF No. 63, PageID.531–532.)

Plaintiff argues that the R&R's determination that his Step III grievance appeal was untimely is an error because

> [t]he relevant MDOC grievance policy in effect at the time plaintiff filed his timely Step III grievance appeal was PD 03.02.130(S)(2007) which stated: "Grievances and grievance appeals at all steps shall be considered filed on the date sent by grievant." The Grievance Policy Directive 03.02.130(S)(2007) is attached as Exhibit 1.
>
> Plaintiff submitted his Step III grievance appeal on or before March 13, 2018. [sic] By placing his Step III grievance appeal MRF-18010016-12B in the hands of Assistant Resident Unit Supervisor or "ARUS" Amie Jenkins for mailing on the morning of March 13, 2018. The Disbursement Authorization Showing The Exact Date of March 13, 2018, That Plaintiff Submitted His Step III Grievance Appeal For Mailing Is Attached As Exhibit 2.

(ECF No. 66, PageID.553; *see* ECF No. 68 at PageID.563–572.)[2]

---

[2] Plaintiff includes a letter with his objections "advis[ing] that Plaintiff's Exhibits 1 through 4 in support of his Objections to the Magistrate Judge's Report and Recommendation will be filed with this Court no later than March 5, 2021." (ECF

7

Plaintiff is correct that MDOC Policy Directive 03.02.130(S)[3] provides in relevant part that "[g]rievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant." (ECF No. 49-4, PageID.302; ECF No. 61, PageID.479.) Moreover, MDOC Policy Directive 03.02.130(FF) instructs that "[t]o file a Step III grievance, the grievant must *send* a completed Step III grievance . . . to the Grievance and Appeals Section within ten business days after receiving the Step II response . . . ." (ECF No. 49-4, PageID.304 (emphasis added); ECF No. 61, PageID.481 (emphasis added).)

Plaintiff states that he submitted the Step III grievance appeal on March 13, 2018, and he provides a copy of an MDOC Disbursement Authorization/Catalog Order Form that is dated March 13, 2018. (*See*

---

No. 66, PageID.555.) Plaintiff states that the law library is "closed indefinitely" due to recent COVID-19 outbreaks in the prison, so he "must wait to obtain the above listed photocopies." (*Id.*) The Clerk's Office received Plaintiff's mailing on March 15, 2021 (*see* ECF No. 68, PageID.577), and as a result, the exhibits to Plaintiff's objections, which are accompanied by a letter dated March 2, 2021 (*see id.* at PageID.562), are filed in a separate docket entry. The documents Plaintiff submits as exhibits to his objections were previously provided to the Court in support of the parties' briefing on Defendants' summary judgment motion.

[3] The parties agree that the applicable MDOC Policy Directive took effect on July 9, 2007. (*See* ECF No. 49-4, PageID.299; ECF No. 61, PageID.476.) The R&R cites to this version of the MDOC Policy Directive in analyzing the issues presented by the parties.

8

ECF No. 61, PageID.474; ECF No. 68, PageID.572.) This form, which is signed by Plaintiff and Jenkins, authorizes payment to the "Mailroom" and indicates that the "Reason/Description" for the payment is "Step 3 Grievance Appeal MRF 1801 0016 12B." (*Id.*) Defendants do not contest Plaintiff's assertion that he submitted his Step III appeal on March 13, and they provide no evidence to contradict it.[4] That Plaintiff's Step III appeal was *received* on March 27, 2018 (*see* ECF No. 49-10, PageID.345;

---

[4] In their response to Plaintiff's objections, Defendants argue that Plaintiff's "alleg[ation] that he timely filed his step III grievance by giving it to a corrections officer on March 13, 2018 . . . was not raised in response to Defendants' motion for summary judgment." (ECF No. 67, PageID.558–559 (citing ECF No. 66, PageID.553).) They also argue that "there is no evidence supporting Plaintiff's assertion that his Step III was filed on March 13, 2018. The MDOC properly rejected Plaintiff's Step III appeal as untimely and Burnett's objection should be dismissed." (*Id.* at PageID.559.) Defendants' arguments lack merit. Plaintiff did argue in his response to the summary judgment motion that "Step III was timely submitted by handing his Step III to prison officials for mailing on March 13, 2018." (ECF No. 61, PageID.455.) Plaintiff stated that he "handed the Step III to the Assistant Resident Unit Supervisor ('ARUS') Ms. Amie Jenkins on March 13, 2018, for mailing," and in support of this statement he cited to "Exhibit 2 The Disbursement Authorization showing the exact date [March 13, 2018], I handed (ARUS) Ms. Jenkins the Step III for mailing." (*Id.*) Plaintiff attached a copy of "The Disbursement Authorization" (i.e., the MDOC Disbursement Authorization/Catalog Order Form) to his response as evidence that he submitted his Step III grievance appeal on March 13. (*See id.* at PageID.474.) Plaintiff also argued in his response to the summary judgment motion that his Step III grievance appeal was timely under MDOC Policy Directive 03.02.130(S). (*See id.* at PageID.455–456.) In his objections to the R&R, Plaintiff again relies on the MDOC Disbursement Authorization/Catalog Order Form as evidence that he submitted his Step III grievance appeal on March 13, 2018.

9

ECF No. 61, PageID.472) is not at odds with Plaintiff's claim that he *submitted* it on March 13, 2018. *See Alexander v. Hoffman*, No. 16-cv-12069, 2017 WL 9472754, at *5 (E.D. Mich. June 27, 2017) (concluding that the defendants failed to show that the plaintiff's Step III appeal was untimely because they "have produced no evidence to contradict Plaintiff's claim that he submitted the Step III appeal on December 22"; they "produced their Step III response, which shows that they *received* Plaintiff's Step III appeal on December 30," but "this fact does not contradict Plaintiff's claim that he sent it on December 22" (emphasis in original)), *R. & R. adopted as modified*, No. 16-cv-12069, 2017 WL 3946258 (E.D. Mich. Sept. 8, 2017).

Plaintiff presents undisputed evidence that he submitted his Step III grievance appeal on March 13, 2018 and that "grievance appeals at all steps" are "considered filed on the date sent by the grievant." (ECF No. 49-4, PageID.302; ECF No. 61, PageID.479.) Therefore, the Court rejects the R&R's conclusion that the grievance was not properly exhausted because the Step III appeal was untimely. However, the Court still grants summary judgment to Eelbode, as the R&R recommends, but the Court does so for another reason: because Plaintiff failed to exhaust

10

his administrative remedies as to this Defendant by not mentioning her at each step of the grievance process, as discussed below.

> ii. *Objection 2: The Failure to Mention Defendants Eelbode and Warren in Plaintiff's Step II Grievance Appeal*

Plaintiff's second objection is to the R&R's finding that Plaintiff's Step II grievance appeal did not mention Eelbode or Warren. The portion of the R&R Plaintiff challenges states that

> unlike the Plaintiff's grievances in *Salami*, Plaintiff's Step II grievance here did not mention Eelbode or Warren and did not put Defendants on notice of the alleged wrongdoing, even before the untimely filing. Thus, the only alert Defendants had to the allegations against Eelbode were in the Step III, which was filed beyond the deadline per this "particular institution's administrative rules and regulations regarding prisoner grievances." *Salami*, 2020 WL 6389839, at *2.

(ECF No. 63, PageID.533; ECF No. 66, PageID.553–554.)

Plaintiff takes issue with this conclusion because he argues that he "did in fact address his claims against defendant Eelbode in his Step II grievance appeal. The Step II Grievance Appeal And Response Is Attached As Exhibits 3 and 4." (ECF No. 66, PageID.554; *see* ECF No. 68, PageID.573–576.) Plaintiff makes no argument with respect to the R&R's

11

conclusion that he failed to mention Warren at any point in the grievance.[5]

The record demonstrates that Plaintiff did mention Eelbode in the Step II grievance appeal (*see* ECF No. 49-10, PageID.346; ECF No. 61, PageID.470), and Defendants agree in their response to Plaintiff's objections that "Plaintiff did list Defendant Eelbode" at Step II. (ECF No. 67, PageID.559.) The Court therefore rejects the R&R's finding that the grievance's Step II appeal did not mention Eelbode. But because it is undisputed that Plaintiff did not name Eelbode at Step I of the grievance, the Court grants Defendants' summary judgment motion as to Eelbode. (*See* ECF No. 49-10, PageID.348; ECF No. 61, PageID.468.)

---

[5] Even if Plaintiff had argued that the R&R's conclusion regarding Warren is flawed, such a challenge would fail. "Grievances are defendant-specific, which is to say that a grievance is properly exhausted against a particular defendant only insofar as the grievance actually names that defendant." *Burley v. Mich. Dep't of Corr.*, No. 16-cv-10712, 2016 WL 11259277, at *4 (E.D. Mich. Nov. 30, 2016) (collecting cases), *R. & R. adopted*, No. 16-CV-10712, 2017 WL 877219 (E.D. Mich. Mar. 6, 2017). "Where a specific defendant is not named in a grievance, it is well established that a prisoner's administrative remedies have not been exhausted as to that defendant." *Redmond v. Klee*, No. 16-12974, 2018 WL 1635243, at *3 (E.D. Mich. Feb. 23, 2018) (collecting cases), *R. & R. adopted*, No. 16-12974, 2018 WL 1570426 (E.D. Mich. Mar. 30, 2018). Here, there is no question that Plaintiff did not name Warren in the grievance at issue or in any of the grievances the parties submitted to the Court. Therefore, Plaintiff has not exhausted his administrative remedies as to this Defendant.

MDOC Policy Directive 03.02.130(B) states in relevant part that "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy." (ECF No. 49-4, PageID.299; ECF No. 61, PageID.476.) In addition, MDOC Policy Directive 03.02.130(R) states that the "[i]nformation provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." (ECF No. 49-4, PageID.302 (emphasis in original); ECF No. 61, PageID.479 (emphasis in original).) "[G]rievances are defendant-specific and issue-specific, and thus properly exhaust claims regarding a particular defendant only insofar as the prisoner names that defendant and explains their allegedly violative conduct *at each of the three grievance steps*." *Burley v. Mich. Dep't of Corr.*, No. 16-cv-10712, 2016 WL 11259277, at *4 (E.D. Mich. Nov. 30, 2016) (emphasis added) (citing *Pasley v. Maderi*, No. 13-13251, 2014 WL 5386914, at *4 (E.D. Mich. Sept. 15, 2014), *aff'd* (July 23, 2015); *Bird v. Mansfield*, No. 2:12-cv-238, 2013 WL 4782369 (W.D. Mich. Sept. 5, 2013); *Laster v.*

*Pramstaller*, No. 5:08-CV-10898, 2011 WL 4506956, at *15 (E.D. Mich. Sept. 7, 2011), *R. & R. adopted*, No. 08-10898, 2011 WL 4505790 (E.D. Mich. Sept. 29, 2011)), *R. & R. adopted*, No. 16-CV-10712, 2017 WL 877219 (E.D. Mich. Mar. 6, 2017).

In *Burley v. Michigan Department of Corrections*, the court concluded that "[b]y naming MDOC at only step II of the grievance process, and failing to name MDOC at step I," the plaintiff "failed to properly exhaust []his claim against the MDOC" and "therefore has no viable, properly exhausted claims against the MDOC." *Id.* at *7. Further, in *Bird v. Mansfeld*, the court concluded that the plaintiff "failed to properly name [a defendant referred to as] Defendant Mansfield in a grievance," and therefore failed to exhaust his administrative remedies as to that defendant, because

> Plaintiff clearly did not name Defendant Mansfield in a Step I grievance. Although Plaintiff asserts that Defendant Mansfield was named in other papers submitted with the Step I grievance, Plaintiff has not submitted any other papers that indicate that Defendant Mansfield was being grieved. In fact, URF 109328603B, did not name Defendant Mansfield in the Step I grievance. Moreover, the fact that Defendant Mansfield was the respondent who denied the grievance indicates that he was not involved in the grievance. It was only after Defendant Mansfield denied the grievance at Step I that

14

> Plaintiff included Defendant Mansfield in the grievance at Step II and Step III.

*Bird*, 2013 WL 4782369, at *3.

In this case, Eelbode, like the defendant in *Bird*, "was the respondent who denied the grievance" at Step I, which "indicates that [s]he was not involved in the grievance." *Id.*; (*see* ECF No. 49-10, PageID.346; ECF No. 61, PageID.470.) It was only after Eelbode denied Plaintiff's grievance at Step I that Plaintiff named her in his Step II and Step III appeals. *See id.* Because Plaintiff did not name Eelbode at Step I of the grievance, Plaintiff failed to properly exhaust his administrative remedies as to this Defendant. Moreover, Plaintiff does not contest the R&R's conclusion that he failed to exhaust his administrative remedies as to Warren. *See supra* note 5. Accordingly, the Court adopts the R&R's recommendation to grant Eelbode and Warren's summary judgment motion due to Plaintiff's failure to exhaust his administrative remedies, but the Court's reason for doing so differs slightly from the reasoning in the R&R.[6]

---

[6] As noted, the R&R recommends that the Court grant Defendants' summary judgment motion based on the failure to exhaust because the grievances do not mention Warren and because the only grievance that mentions Eelbode was appealed by Plaintiff at Step III after the filing deadline had elapsed. But the Court grants the

15

## B. Defendants Jane Doe 1 and Jane Doe 2

On February 28, 2020, Judge Morris issued a Report and Recommendation recommending, in part, that the Court dismiss Defendants Jane Doe 1 and Jane Doe 2 due to Plaintiff's failure to identify them and failure to prosecute the case against them. (*See* ECF No. 37, PageID.195–198.) On June 15, 2020, the Court granted Plaintiff's objection to that portion of the Report and Recommendation. (*See* ECF No. 45, PageID.249–252.) The Court exercised its "inherent authority to manage its docket" and "order[ed] that Defendants produce the information sought by Plaintiff in his discovery request within fourteen days of this order." (*Id.* at PageID.251.) The information sought by Plaintiff in his discovery request was the "duty roster for [December 28, 2017]," which Plaintiff believed "would identify the Jane Does and would . . . then allow[] him to proceed with his lawsuit against them." (*Id.* at PageID.250.) The Court stated in its June 2020 Opinion and Order that "[o]nce Plaintiff is in receipt [o]f the material, he must take immediate steps to effectuate service on the Jane Does within thirty days of receipt

---

motion as to both Defendants because Plaintiff did not name them in a grievance "at each of the three grievance steps." *Burley*, 2016 WL 11259277, at *4 (internal citations omitted).

16

or otherwise voluntarily dismiss his complaint against them. If Plaintiff fails to do so, the Court will dismiss his claims against the Jane Does for failure to prosecute, and for the reasons set forth in the R&R." (*Id.* at PageID.251–252.)

Plaintiff received a document produced by Defendants in response to his discovery request (*see* ECF Nos. 55, 57), but there is no indication on the docket that the Jane Does, who remain in the case, have been served or that Plaintiff has taken any steps to effectuate service on these Defendants. Plaintiff has therefore failed to comply with the Court's Order, which was issued more than nine months ago. Accordingly, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b), pursuant to Eastern District of Michigan Local Rule 41.2, and for the reasons set forth in the February 2020 Report and Recommendation (ECF No. 37), Jane Doe 1 and Jane Doe 2 are DISMISSED WITH PREJUDICE.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 66) are granted. The R&R (ECF No. 63) is ADOPTED IN PART.

Defendants Eelbode and Warren's motion for summary judgment (ECF No. 49) is GRANTED. Defendants Jane Doe 1 and Jane Doe 2 are

DISMISSED WITH PREJUDICE. The remaining Defendant in the case is Kevin Herron.

Defendants Eelbode and Warren's motion to file records under seal (ECF No. 48) is DENIED.

Plaintiff's motion to compel discovery (ECF No. 44) is DENIED.

Plaintiff's motion for leave to file a second amended complaint (ECF No. 53) is DENIED.

Plaintiff's motion for civil contempt (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated: March 26, 2021　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2021.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager