UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURNETT,

    *Plaintiff,*

    v.

KEVIN HERRON, AMIE JENKINS,
OFFICER JONES, OFFICER ELROD,
and JANE DOES,[1]

    *Defendants*.
_____/

CASE NO. 18-CV-12471
DISTRICT JUDGE JUDITH E. LEVY
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT HERRON'S MOTION FOR SUMMARY JUDGMENT (ECF No. 77)
AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 84).**

## I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Herron's Motion for Summary Judgment (ECF No. 77) be **GRANTED**, that the case be *sua sponte* dismissed against the remaining non-moving defendants, that Plaintiff's Motion for Summary Judgment (ECF No. 84) be **DENIED, and that the case be dismissed in its entirety**.

## II.   REPORT

### A.   Introduction

---

[1] This case was consolidated with case number 19-13513 on November 10, 2021. (ECF No. 79.)

On August 9, 2018, Plaintiff Michael Burnett filed this complaint under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment. (ECF No. 35, PageID.176.) His amended complaint, which followed, alleges the same violations. (ECF No. 35, PageID.176.) Several former defendants have been dismissed and one, Defendant Herron, remains—in his amended complaint, Plaintiff includes an allegation of a civil conspiracy among Defendants. (*Id*. at PageID.180.)

All pretrial matters were assigned to the undersigned magistrate judge on June 3, 2020. (ECF No. 17.) The former defendants—Eelbode, Warren, Jane Doe #1, and Jane Doe #2—were dismissed from this matter on March 26, 2021. (ECF No. 69.) Defendant Herron filed the instant Motion for Summary Judgment on October 29, 2021, (ECF No. 77); seemingly in lieu of a response, Plaintiff filed his own Motion for Summary Judgment on December 16, 2021. (ECF No. 84.) Briefing is complete and below, I summarize the instant Motions.

**B.    Factual Background**

In the operative complaint, Plaintiff alleges that Defendants violated the Eighth Amendment. (ECF No. 35, PageID.176.) Plaintiff originally sued P. Warren, the warden at the Macomb facility, in his official capacity; Kevin Herron, a corrections officer at the Macomb facility, in his individual capacity; Kristy Eelbode, a psychologist at the Macomb facility, in her individual capacity; and Jane Does 1 & 2, corrections officers at the Macomb facility, in their individual capacities. (ECF No. 35, PageID.177.)

Plaintiff alleges that on December 28, 2017, Doe #1 "smeared feces" on him. (*Id.*) He informed Defendant Herron ("Defendant") and Doe #2 that he would be filing a

grievance based on Doe #1's actions. (*Id*.) Defendant allegedly stated that he had "no problem" with the supposed actions by Doe #1. (*Id*.) Later that day Defendant allegedly, with the assistance of Doe #1, forced Plaintiff to ingest feces. (*Id*.) Plaintiff claims that Defendant and Doe #1 continued to force Plaintiff to ingest feces "every time the two of them are on the safety systems in Housing Unit 5, which is frequently. At least, three times a week." (*Id*. at PageID.178.)

Plaintiff claims that he told his assigned psychologist, Eelbode, about this conduct on January 23, 2018: "[she] said to me, because she know [sic] those officers, that she refused to believe that they would do something like that." (*Id*.) Plaintiff alleges Eelbode told him because he is diagnosed with paranoid schizophrenia he must be suffering from a delusion; Plaintiff acknowledges that he takes prescribed antipsychotic medications for his mental illness, although he claims that he "never had a mental health crisis that warranted emergency intervention, as a result of being delusional." (*Id*.) Plaintiff alleges that Eelbode "covered up" the conduct of Defendant and Doe #1 and falsified his mental health records by providing in his records that he is delusional. (*Id*.)

Due to the alleged conduct of Defendant and Doe #1 Plaintiff claims he is in imminent danger of physical injury. (*Id*. at PageID.179.) He alleges Defendants have demonstrated excessive force, breached their duty to protect, and took part in a civil conspiracy under § 1983. (ECF No. 36, PageID.176.) In terms of relief, Plaintiff requests compensatory damages no less than $50,000 against each defendant and punitive damages in the same amount. (*Id*. at PageID.181.)

In the present Motion, Defendant Herron argues that he is entitled to summary judgment. (ECF No. 77.) Plaintiff also argues that he is entitled to summary judgment. (ECF No. 84.)

### C. Summary Judgment Standard

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant his motion for summary judgment. Fed. R. Civ. P. 56(a). In reviewing such a motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v.*

*Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493.

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### D. Argument & Analysis

Defendant argues for summary judgment based on three separate theories. First, he argues that Plaintiff's claims are so fantastic and delusional that they should be dismissed as frivolous; second, he argues that Plaintiff cannot demonstrate Defendant was personally involved as required under § 1983; and finally, Defendant argues that Plaintiff's conspiracy claim is inadequately pled and must be dismissed.

### 1. Fantastic and delusional claims – regarding all claims against all defendants

First, I address Defendant's argument that Plaintiff's claims should be dismissed as frivolous.

Plaintiff raises allegations under several theories: assault, the Eighth Amendment deliberate indifference standard, conspiracy to violate his constitutional rights, and retaliation under the First Amendment. (ECF No. 54.) Neither party addresses the elements of the individual claims in their motions. Defendant now moves for motion for summary judgment arguing that Plaintiff's claims are frivolous.

Plaintiff has been an active litigant in this Court and has filed several lawsuits based on the general facts presented in the case at bar. Recently in the Western District of Michigan, Plaintiff filed four complaints over two weeks, alleging generally that prison employees used "safety systems" to "release their excreted waste ('feces') and urine in Plaintiff's mouth." *Burnett v. Washington*, No. 20-cv-1173, 2021 WL 457281, at *3-4 (W.D. Mich. Feb. 9, 2021); *see also Burnett v. Macauley et al.*, No. 1:20-cv-1116, 2020 WL 7417058 (W.D. Mich. Dec. 18, 2020); *Burnett v. Wiborn et al.*, No. 1:20-cv-1161, 2020 WL 7417059 (W.D. Mich. Dec. 18, 2020).

In *Burnett v. Washington*, the Court held that the allegations were "fantastic or delusional and rise to the level or irrational or wholly incredible." *Burnett*, 2021 WL 457281, at *4 (citing *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008)). There, where Plaintiff referenced human waste being transmitted through the "safety systems" at the prison, the Court found:

> The referenced ["security systems"] policy discusses the specifics of custody, security, and safety practices and features at IBC. The text of the policy is exempted from public disclosure, because it would reveal too much

>information about custody and security operations at the prison. *See* MDOC PD 04.04.100, https://www.michigan.gov/corrections/0,4551,7-119-1441_44369-158561--,00.html. The simple title of the policy, however, is obvious in its meaning, and it provides no factual support for the existence of some quasi-magical system that could perform the actions alleged by Plaintiff. The Court concludes that Plaintiff's allegations of imminent danger are irrational and clearly baseless, and, as such, they do not support a conclusion that Plaintiff is in imminent danger of serious physical injury within the meaning of § 1915(g).

*Burnett*, 20-cv-1173, at *4.

Although this particular decision was in regard to a motion to proceed *in forma pauperis*, the determination that Plaintiff's claims were fantastical is relevant here.

For instance, other courts have found a party opposing summary judgment cannot raise a genuine issue of material fact with fantastic or delusional allegations. In *McCree v. Gulati*, No. 20-cv-00288, 2021 WL 4047390, at *9 (N.D. Ala. July 16, 2021), the plaintiff alleged violations of the Eighth Amendment during his incarceration at a correctional facility. *McCree*, 2021 WL 4047390, at *1. There, the plaintiff alleged that he had been "attacked" by bed bugs, that he suffered significant blood loss and required an IV, that there were 300-400 flies on his body, and that he had malaria, which caused bugs to come out of his skin, among other allegations. 2021 WL 4047390, at *3-4. The Court found, on a motion for summary judgment, that "because the medical record does not contain evidence from which a reasonable juror could conclude that [the plaintiff] suffers from an infestation of parasites or malaria for which [the defendants] have failed to treat him," summary judgment was granted in favor of the defendants. *McCree*, 2021 WL 4047390, at *9.

Like in *McCree* where the record did not "contain evidence from which a reasonable juror could conclude that [the plaintiff] suffer[ed] from an infestation of parasites or malaria for which [the defendants] ha[d] failed to treat him[,]" the record here does not contain evidence from which a reasonable juror could conclude that Defendant could transmit human feces through a light system directly into Plaintiff's mouth. Thus, I suggest that summary judgment is proper in favor of Defendant as to this allegation. *McCree*, 2021 WL 4047390, at *9.

In response to a motion for summary judgment, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010).

Here, in response to Defendant's motion for summary judgment, Plaintiff relies exclusively on a deposition in which he explains that he was force-fed human feces via disbursement through a light system or a security system. The deposition of Plaintiff has revealed that he alleges the following: Defendant Herron used the bathroom, Defendant Doe would collect Herron's feces and use the "safety systems" to disperse Herron's feces into Plaintiff's mouth. (ECF No. 77, Exhibit a, lines 6-25.) Plaintiff clarified that the feces was dispersed through a "light system." (*Id*. at Exhibit A, lines 7-24.) Plaintiff further noted that no one noticed or saw this assault. (ECF No. 84, Exhibit A, PageID.699-700.) As

Defendant points out, such a light or security-feces-disbursement system would have allowed an officer to "disperse human waste directly in [Plaintiff's] mouth, through solid cell walls, without anyone seeing, hearing, or otherwise noticing that human waste was put in [Plaintiff's] mouth." (ECF No. 77, PageID.631) (citing Exhibit A, lines 3-21.)

    I suggest that these facts offered in rebuttal do not create a genuine issue of material fact from which a reasonable jury could find in Plaintiff's favor.

    Further, I suggest that the factual development at this stage has distinguished the present motion from the initial motion to proceed *in forma pauperis*. Then, the Sixth Circuit found that allegations of being force-fed feces was not fantastical. Now, Plaintiff explains that not only was he force-fed feces, but that they were dispersed into his mouth through a light or security dispersant system that travelled through light or air—exactly how this system works is unclear. And, as these are the facts provided by Plaintiff in rebuttal of Defendant's motion, I suggest that they do not create a genuine issue of material fact as to the fantastic nature of his allegations. Given these new factual developments obtained through deposition of Plaintiff, I suggest that the allegations are fantastic or delusional without a genuine issue of material fact, and that Defendant's motion should be granted on this basis.

    If the court agrees with the recommendation that the claims are fanciful and delusional, such an analysis would apply to all defendants, even those who have not moved for summary judgment. Therefore, I recommend that the case be *sua sponte* dismissed against the non-moving defendants, See, e.g., *Gilmore v. Lee*, 2020 WL 2395988, at *8 (E.D. Mich. Jan. 10, 2020)(courts may dismiss nonmoving defendants who are in a position

similar to the moving defendants, where the claims are integrally related or where the same ruling would apply to each of the defendants). Thus, I further recommend that the case be dismissed in its entirety.

### 2. Alternative arguments

I recommend Defendant's motion be granted on the basis the Plaintiff's claims are fantastic and delusional, and not rooted in fact or reality, and that Plaintiff has not established a genuine issue of material fact that Defendant acted with excessive force. In the event that the Court declines to follow this recommendation, I will analyze the remaining arguments below in the interest of thoroughness.

### a. Personal involvement

Defendant Herron also argues that even if Plaintiff's allegations were not fanciful or delusional, an alternative ground for summary judgment as to both claims is that Plaintiff cannot demonstrate Defendant had the requisite personal involvement to succeed under § 1983. (ECF No. 77, PageID.633.)

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id*. at 375–76; *Copeland v. Machulis*, 57 F.3d 476,

481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Defendant argues that in Plaintiff's deposition, he describes the assault as committed by an unnamed Doe officer, Jane Doe #1, who transmitted Defendant's feces through the light or security system and into Defendant's mouth. (*Id*. at PageID.134.) Plaintiff alleges that Defendant threatened him ("he said since I was going to file a grievance on him, he had no problem putting his shit in my mouth") and that Defendant asked Jane Doe #1 to commit this act. (*Id*. at PageID.645, 649-50.) Plaintiff argues that these allegations are sufficient to establish Defendant's personal involvement in the alleged assaults. (ECF No. 84, PageID.684.)

I agree with Plaintiff. The allegations, however far-fetched, do clearly state Defendant's name and connection to the alleged assault. Although it is true that Plaintiff claims Jane Doe #1 was the individual who actually transmitted the feces through the "system," he does also allege that Defendant was involved in the act in other ways— including asking Doe #1 to carry out the act and participating in the act. If the Court does not grant summary judgment based on the nature of the claims as discussed above, I recommend that summary judgment is not properly granted on this basis, either.

### b. Conspiracy

Finally, Defendant Herron argues that even if Plaintiff's allegations were not fanciful or delusional, an alternative ground for summary judgment as to the conspiracy claim is that Plaintiff has failed to establish the necessary elements for a conspiracy claim.

In *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 563-64 (6th Cir. 2011), the Sixth Circuit noted the standard and required elements for establishing a conspiracy claim under § 1983:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id*. at 563 (citation and quotation omitted). In *Heyne*, the Court found that the plaintiff had not plausibly stated a conspiracy claim where he alleged: "Defendants have conspired among themselves and with others unnamed in the [MNPS] system to knowingly and intentionally deny [Heyne]'s constitutional rights. They have also conspired with D.A.'s parents to support D.A.'s claim against the Heynes' insurance carrier for compensation." *Heyne*, 555 F.3d at 563. The Court found these allegations to be vague and consisting of primarily legal conclusions. *Id*.

Here, Defendant argues that "the existence of a conspiracy between Defendants is illusory at best." (ECF No. 77, PageID.636.) Defendant argues that Plaintiff did not plead facts that would show a conspiracy existed. (*Id*. at PageID.636-37.) In rebuttal, Plaintiff posits that he has met the necessary elements—he argues the allegation that Defendant and Doe #1 used the safety systems to force Plaintiff to ingest human waste is sufficient to constitute an overt act in furtherance of a shared conspiratorial objective. (ECF No. 84, PageID.685.)

Again, I agree with Plaintiff. I suggest Plaintiff's has met the required elements set forth in *Heyne*: according to Plaintiff, Defendant and, at least, Doe #1 had a plan to force-feed Plaintiff human feces; Defendant asked Doe #1 to take his feces force Plaintiff to ingest them; and that Doe #1 actually completed that overt act at the request of Defendant. Through his testimony Plaintiff has established more than mere legal conclusions as to the conspiracy claim, and has established at least a genuine issue of material fact as to the required elements for a conspiracy claim under § 1983. In the event that the Court does not adopt the prior recommendation to grant summary judgment based on the fantastic nature of the claims, I suggest that summary judgment is not proper on this basis.

### 3. Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 77) be **GRANTED**, that the case be *sua sponte* dismissed against the remaining non-moving defendants, that Plaintiff's Motion for Summary Judgment (ECF No. 84) be **DENIED, and that the case be dismissed in its entirety.**

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985);

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 16, 2022

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge