## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Michael Burnett,

               Plaintiff,        Case No. 18-cv-12471

v.                          Judith E. Levy
                               United States District Judge

Kevin Herron, *et al.*,

                               Mag. Judge Patricia T. Morris

               Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OBJECTIONS [86] AND ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND <u>RECOMMENDATION [85]</u>

Plaintiff Michael Burnett, who is represented by counsel, filed three objections (ECF No. 86) to Magistrate Judge Patricia T. Morris' Report and Recommendation ("R&R"). (ECF No. 85.) The R&R recommends that the Court (1) grant Defendant Kevin Herron's motion for summary judgment (ECF No. 77), (2) *sua sponte* dismiss the case as to the remaining non-moving Defendants,[1] (3) deny Plaintiff's motion

---

[1] The remaining non-moving Defendants—who are identified on the docket as Amie Jenkins, Officer Jones, Officer Elrod, and Jane Does—are individuals who were initially named as defendants in a different case brought by Plaintiff: *Burnett*

for summary judgment (ECF No. 84), and (4) dismiss the case "in its entirety." (ECF No. 85, PageID.719.)

Magistrate Judge Morris issued the R&R on February 16, 2022. (*See id.* at PageID.732.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). On March 1, 2022, Plaintiff filed three timely objections (ECF No. 86), and "Defendants"[2] responded on March 8, 2022. (ECF No. 87.) For the reasons set forth below, Plaintiff's first objection is granted and his second and third objections are denied. The Court adopts in part the R&R (ECF No. 85), grants Herron's summary judgment motion (ECF No. 77), and *sua sponte* dismisses the case as to the remaining Defendants.

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

---

*v. Jenkins, et al.* (Case Number 19-cv-13513). That case was consolidated with this case (Case Number 18-cv-12471) on November 10, 2021. (ECF No. 79.)

[2] The response to Plaintiff's objections was submitted by "Defendants" (ECF No. 87), who do not specify which Defendants filed the response. The Court presumes that the response was filed by Defendants Kevin Herron, Amie Jenkins, Officer Jones, and Officer Elrod, given that the attorney who signed the response is identified on the docket as the attorney for these Defendants.

On November 10, 2021, the Court issued an order consolidating this case (Case Number 18-cv-12471) with another case (Case Number 19-cv-13513) brought by Plaintiff under 42 U.S.C. § 1983. (*See* Case Number 18-cv-12471, ECF No. 79.) *See supra* note 1. Plaintiff was self-represented when he filed the complaint in each case. On April 2, 2021, prior to the Court's consolidation order, attorney Michael S. Linardos was assigned to represent Plaintiff as *pro bono* counsel in Case Number 18-cv-12471. (*See* ECF No. 71.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-*

*Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III.  Analysis

As noted, Plaintiff filed three objections to the R&R. In his first objection, he challenges the R&R's recommendation to deny his summary judgment motion because he disagrees with the R&R's characterization of his response to Herron's motion for summary judgment as a separate summary judgment motion. (*See* ECF No. 86, PageID.734.) In his second objection, Plaintiff disputes the R&R's

conclusion that he has not provided evidence that creates a genuine issue of material fact. He states that he "did not have a meaningful opportunity to provide further evidence" beyond his deposition, to respond to Herron's motion, and to conduct discovery. (*Id.* at PageID.734–736.) He therefore asks that Herron's motion be denied and that he be allowed to conduct additional discovery. In his third objection, Plaintiff disagrees with the R&R's findings that his allegations are fantastic and delusional and that there is no genuine issue of material fact. (*See id.* at PageID.736–737.) Plaintiff's objections are discussed below.

## A. Plaintiff's First Objection

Plaintiff first objects to the R&R's recommendation to deny his motion for summary judgment. (*See id.* at PageID.734.) The R&R states that "Plaintiff filed his own Motion for Summary Judgment" (ECF No. 85, PageID.720 (citing ECF No. 84)) and recommends that the motion be denied. In his objection, Plaintiff states that "he never moved for summary judgment. Rather, [he] submitted a response to [Herron's] motion for summary judgment." (ECF No. 86, PageID.734.) Plaintiff argues that because he "has not moved for summary judgment in this

case, the recommendation that Plaintiff's motion for summary judgment be denied should not be followed." (*Id.*)

The Court notes that the filing at issue in Plaintiff's objection is titled "Plaintiff Michael Burnett's Motion Opposing Summary Judgment" (ECF No. 84, PageID.671) and that the filing was docketed by Plaintiff's counsel as a summary judgment motion. It is therefore understandable that the R&R treats this document as Plaintiff's summary judgment motion even though it appears to be Plaintiff's response to Herron's motion, as Plaintiff now indicates in his objection. In fact, the docket contains a notation from the Clerk's Office indicating that docket entry 84 is a response to Herron's summary judgment motion. Because Plaintiff's filing is a response to Herron's summary judgment motion, Plaintiff's first objection is granted, and the Court will not issue a ruling on docket entry 84. As a result, the Court will not adopt the portion of the R&R recommending that Plaintiff's motion for summary judgment be denied.

## B. Plaintiff's Second Objection

In his second objection, Plaintiff takes issue with the R&R's conclusion that the facts presented in his response to Herron's motion

"do not create a genuine issue of material fact from which a reasonable jury could find in Plaintiff's favor." (ECF No. 86, PageID.734 (quoting ECF No. 85, PageID.727).) Plaintiff "objects to the [R&R's] notion that [he] has not presented 'significant probative evidence' to show more than 'some metaphysical doubt as to the material facts.'" (*Id.*) Plaintiff argues that his "deposition should be considered substantial evidence because [he] did not have a meaningful opportunity to provide further evidence." (*Id.*)

Regarding the lack of "a meaningful opportunity to provide further evidence" (*id.*), Plaintiff indicates in his objection that he had issues gathering evidence and responding to Herron's summary judgment motion because of the "late" timing of his attorney's appointment.[3] (*Id.* at PageID.734–735.) Plaintiff states that he was "largely unsuccessful" in conducting discovery on his own and that

> [s]ince he was appointed counsel, Plaintiff has attempted to obtain his medical records but was unsuccessful. Because Plaintiff now has counsel, he should be given the opportunity to utilize the assistance of counsel for discovery. Plaintiff

---

[3] Plaintiff indicates in his objection that he was appointed counsel "well after the pleading stage" in Case Number 18-cv-12471 and that Case Numbers 18-cv-12471 and 19-cv-13513 were consolidated "after discovery had already closed" in Case Number 19-cv-13513. (ECF No. 86, PageID.734–735.)

believes that if meaningful discovery were conducted the technology he complains of would be evident and the source of his claims would be discoverable.

(*Id.* at PageID.735.)

Plaintiff argues that "[t]his Court has allowed flexibility in reconsidering Reports and Recommendations and allowing discovery when counsel has been appointed later in proceedings." (*Id.* (citing *Thompson v. Corr. Med. Servs., Inc.*, No. 09-14483, 2014 WL 3894367 (E.D. Mich. Aug. 8, 2014) (Borman, J.).) Plaintiff states that in *Thompson v. Corr. Med. Servs., Inc.*, the plaintiff was appointed counsel after a report and recommendation on a summary judgment motion was issued, and the district judge returned the report and recommendation to the magistrate judge with instructions to reconsider the motion after the plaintiff had an opportunity to conduct discovery with his attorney. (*See id.*) Plaintiff argues that

> [t]he present matter is similar to *Thompson* because Plaintiff was appointed counsel late in proceedings and did not have a chance to adequately assist in discovery matters. This is especially true in the 19-cv-13513 case where the cases were consolidated after discovery had already closed. Because Plaintiff was appointed counsel in the later stages of the case, Plaintiff maintains that [Herron's] motion for summary judgment should be denied and Plaintiff should have a meaningful opportunity to conduct discovery.

8

(*Id.* at PageID.735–736.)

The initial portion of Plaintiff's second objection—the portion that challenges the R&R's finding that there is no genuine issue of material fact—is denied because it does not identify a specific legal or factual error in the R&R. The R&R notes that "in response to [Herron's] motion for summary judgment, Plaintiff relies exclusively on a deposition in which he explains that he was force-fed human feces via disbursement through a light system or a security system." (ECF No. 85, PageID.726.) The R&R discusses Plaintiff's deposition testimony (*see id.* at PageID.726–727) and concludes that "these facts offered in rebuttal do not create a genuine issue of material fact from which a reasonable jury could find in Plaintiff's favor." (*Id.* at PageID.727.) Plaintiff does not demonstrate that the R&R's discussion of his deposition testimony is flawed, and he does not point to evidence or to a factual question that the R&R overlooks. Nor does Plaintiff cite to legal authority that supports his position that his "deposition should be considered substantial evidence." (ECF No. 86, PageID.734.) Moreover, to the extent this aspect of Plaintiff's objection "dispute[s] the general correctness of the report and recommendation," the objection is

9

improper. *Goodman v. Schubring*, No. 20-13368, 2022 WL 944615, at *1 (E.D. Mich. Mar. 29, 2022) (quoting *Miller*, 50 F.3d at 380).

The remainder of Plaintiff's second objection regarding the lack of a "meaningful opportunity" to provide additional evidence, to respond to Herron's motion, and to do discovery is also denied. (ECF No. 86, PageID.734–736.) For the reasons set forth below, Plaintiff does not show that he is entitled to the relief he seeks: the denial of Herron's summary judgment motion and the opportunity to conduct more discovery.

> i. *Plaintiff Does not Show That he is Entitled to Relief Under* Thompson

First, Plaintiff does not show that he is entitled to relief under *Thompson*, the case he references in his objection. (*See id.* at PageID.735.) In *Thompson*, the magistrate judge issued a report and recommendation on a summary judgment motion on January 24, 2013, and the plaintiff's motion for the appointment of counsel was granted almost nine months later on October 11, 2013. *See Thompson*, 2014 WL 3894367, at *1. The plaintiff's attorney then filed a motion for discovery under Federal Rule of Civil Procedure 56(d) and a motion for leave to file an amended complaint. *See id.* The plaintiff's attorney also filed a

10

motion for reconsideration "to set aside the report and recommendation . . . to allow Plaintiff to engage in discovery." *Id.* at *2. The district judge granted the plaintiff's motion for reconsideration, "not[ing] that Plaintiff was only recently appointed counsel and this appointment occurred after the Magistrate Judge issued his Report and Recommendation on the summary judgment motion." *Id.* The district judge returned the report and recommendation to the magistrate judge "with instructions that the Magistrate Judge reconsider the motion for summary judgment . . . after Plaintiff, through his newly-appointed counsel, has had an opportunity to seek discovery as outlined in his Rule 56(d) motion." *Id.* at *3.

In their response, Defendants argue that this case "is distinguishable from *Thompson*" because "[u]nlike counsel in *Thompson*, Plaintiff's attorney . . . had the opportunity to conduct discovery before [Herron's] motion for summary judgment was filed." (ECF No. 87, PageID.742.) The Court agrees with Defendants that this case differs from *Thompson*. Here, Mr. Linardos became Plaintiff's attorney on April 2, 2021, more than ten months before the R&R was issued on February 16, 2022. Mr. Linardos represented Plaintiff in Case

11

Number 18-cv-12471 (1) when a new scheduling order reopened discovery, (2) during discovery, (3) when Herron filed his summary judgment motion, and (4) when Magistrate Judge Morris issued the R&R. In addition, Mr. Linardos represented Plaintiff on his claims in Case Number 19-cv-13513 before the R&R was filed.[4] The Court issued its order consolidating Case Numbers 18-cv-12471 and 19-cv-13513 on November 10, 2021, more than three months before the R&R was entered. In other words, unlike the plaintiff in *Thompson*, Plaintiff had an attorney to assist him with his claims in Case Numbers 18-cv-12471 and 19-cv-13513 before the R&R was filed. Therefore, Plaintiff's arguments regarding *Thompson* and the timing of Mr. Linardos' appointment do not provide a basis for the Court to reject the R&R's

---

[4] Plaintiff indicates in his objection that his attorney was unable to "adequately assist" him with discovery in Case Number 19-cv-13513 because discovery was closed in that case when the Court entered its consolidation order. (ECF No. 86, PageID.735.) However, there is no indication on the docket that Plaintiff's counsel requested an opportunity to conduct discovery as to Plaintiff's claims in Case Number 19-cv-13513 after the cases were consolidated. In *Thompson v. Corr. Med. Servs., Inc.*, the case referenced by Plaintiff in his objection and discussed above, the plaintiff's attorney filed a Rule 56(d) motion following his assignment to the case "seeking to engage in discovery." No. 09-14483, 2014 WL 3894367, at *1 (E.D. Mich. Aug. 8, 2014). Here, Plaintiff's counsel did not file such a motion, as set forth below.

findings on Herron's summary judgment motion or to grant Plaintiff an opportunity to conduct discovery.

### ii. *Plaintiff Does not Show That he is Entitled to Relief Under Rule 56(d)*

Second, Plaintiff does not show that he is entitled to relief under Rule 56(d). Although he requests the opportunity for more discovery, Plaintiff makes no mention of Rule 56(d) in his objection. In their response, Defendants argue that Plaintiff's second objection should be overruled because Plaintiff did not file a motion under Rule 56(d)[5] in which he explains (1) "why he could not present facts essential to his opposition to Herron's motion" or (2) why "when discovery was reopened on April 20, 2021" he did not seek "information" that would make "the technology with which he is being assaulted . . . become evident . . . ." (ECF No. 87, PageID.742.)

Even if the Court construes Plaintiff's second objection as a request for discovery under Rule 56(d), this request is denied. Plaintiff does not show in his objection that the Court should allow discovery

---

[5] Defendants correctly note that Plaintiff's failure to file a Rule 56(d) motion is another way in which this case is distinguishable from *Thompson* because the plaintiff in that case requested discovery through a Rule 56(d) motion. (*See* ECF No. 87, PageID.742.) *See supra* note 4.

13

under Rule 56(d), that the R&R's recommendation to grant Herron's summary judgment motion is inappropriate, or that the Court should not adopt this recommendation. The Court concludes that Plaintiff is not entitled to relief under Rule 56(d) because he fails to comply with that rule's requirements, because he does not indicate how the requested discovery would help him overcome Herron's summary judgment motion, and because the *Plott* factors weigh against granting his request for more discovery. The Court's reasoning for not permitting discovery under Rule 56(d) is below.

### a. Federal Rule of Civil Procedure 56(d)

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may:

> (1) defer considering the motion or deny it;

> (2) allow time to obtain affidavits or declarations or to take discovery; or

> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "It is within the discretion of the district court whether to permit discovery under Rule 56(d)." *Glenn v. Corizon Med.,*

*Inc.*, No. 2:17-cv-10972, 2018 WL 4520077, at *2 (E.D. Mich. Sept. 21, 2018) (citing *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425–26 (6th Cir. 2009)). "The party opposing a motion for summary judgment . . . possesses no absolute right to additional time for discovery under Rule 56," *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019), and "bears the burden of showing that discovery is necessary," *White v. Jindal*, No. 13-15073, 2015 WL 870230, at *6 (E.D. Mich. Feb. 7, 2015) (citing *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 821 (6th Cir. 2008)).

The Sixth Circuit

> ha[s] observed that filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, "this court will not normally address whether there was adequate time for discovery." *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995). Generally, this filing must "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). However, a formal affidavit may not be required "when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment." *United States v. Rohner*, 634 Fed. Appx. 495, 504 (6th Cir. 2015) (citing *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627–28 (6th Cir. 2002)).

*Unan v. Lyon*, 853 F.3d 279, 292–93 (6th Cir. 2017); *see Moore v. Shelby Cnty.*, 718 F. App'x 315, 319 (6th Cir. 2017). "Thus, if a party does not satisfy Rule 56(d)'s technical requirements, he must at least affirmatively demonstrate that the discovery sought would enable him to 'adequately oppose the motion for summary judgment.'" *Rohner*, 634 F. App'x at 504 (quoting *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)); *see Doe*, 928 F.3d at 490 ("A party invoking [the] protections [of Rule 56(d)] must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him . . . to rebut the movant's showing of the absence of a genuine issue of fact." (alterations in original) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014))); *Hous. Enter. Ins. Co. v. Hope Park Homes Ltd. Dividend Hous. Assoc. Ltd. P'ship*, 446 F. Supp. 3d 229, 241 n.2 (E.D. Mich. 2020) ("Though the Sixth Circuit has held that a party need not formally file a Rule 56(d) affidavit requesting additional discovery in order to postpone a summary judgment ruling, the moving party must still 'clearly explain[] its need for more discovery on a particular topic.'" (alteration in original) (quoting *Moore*, 718 F. App'x at 319)).

16

> ### b. *Plaintiff's Failure to Comply with Rule 56(d)'s Requirements*

The Court denies Plaintiff's discovery request because he fails to fulfill Rule 56(d)'s requirements. Plaintiff did not comply with Rule 56(d)'s procedural requirement of filing a motion or affidavit. Plaintiff informed the Court of his need for discovery by raising this issue in two filings: (1) his response to Herron's summary judgment motion[6] and (2) his second objection to the R&R. However, Plaintiff does not satisfy the remaining substantive requirements of Rule 56(d). *See Cacevic*, 226 F.3d at 488 ("Beyond the procedural requirement of filing an affidavit,

---

[6] Plaintiff previously argued in his response to Herron's summary judgment motion that his

> claims should not be dismissed because there is the potential for further evidence to be disclosed during the course of discovery that provides insight into the method of the[] alleged assaults. Currently, Plaintiff is waiting on outstanding evidence of his medical records from his medical provider which may provide further insight into the[] assaults. Plaintiff submitted a HIPPA request for these records; however, the medical provider did not respond. Thereafter, Plaintiff has now subpoenaed the records. [Plaintiff] has also indicated that his dental records may provide evidence of deterioration as a result of the assaults. Since these records and other evidence have the potential to provide support for these claims, this lawsuit should not be dismissed at this stage.

(ECF No. 84, PageID.682.) Herron did not respond to Plaintiff's arguments in a reply.

Rule 56([d]) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." (internal citation omitted)).

In *Cacevic v. City of Hazel Park*, the plaintiffs submitted a "preliminary non-substantive response" to a summary judgment motion (without an affidavit) requesting additional time for discovery. *Id.* at 486. Their response

> only stated that (1) "if given the opportunity to conduct [further] discovery" the [plaintiffs] would be able to successfully oppose the defendants' summary judgment motion and (2) they would, at some point, be filing a brief in opposition to the motion. Nowhere in the unsworn document did the [plaintiffs] indicate to the district court "what material facts [they] hope[d] to uncover and why [they] ha[d] not previously discovered the information."

*Id.* at 489. The Sixth Circuit therefore concluded that the plaintiffs' response did not "meet the substantive requirements of Rule 56([d])." *Id.*

Like the plaintiffs in *Cacevic*, Plaintiff does not clearly explain in his filings what material facts he hopes to uncover and why that information has not already been discovered. Plaintiff appears to want

18

additional discovery to obtain his medical records. (*See* ECF No. 86, PageID.735; ECF No. 84, PageID.682.) But he does not specify what factual information in these records supports his claims against Herron, such as his excessive force claim, and his opposition to Herron's summary judgment motion. In addition, Plaintiff's vague reference in his objection to "meaningful discovery" does not indicate to the Court what material facts he seeks or why those facts have yet to be discovered. (ECF No. 86, PageID.735.) That Plaintiff does not satisfy Rule 56(d)'s procedural and substantive requirements provides a basis for denying his request for discovery in his second objection.[7] *See Turner*

---

[7] The general nature of Plaintiff's arguments further supports denying his request for discovery. The Sixth Circuit has stated that "[i]t is not an abuse of discretion for the district court to deny the discovery request when the party makes only general and conclusory statements [] regarding the need for more discovery . . . ." *La Quinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 334 (6th Cir. 2010) (second alteration in original) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)). "Bare allegations or vague assertions of the need for discovery are not enough." *Alvarado Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 3316115, at *4 (M.D. Tenn. June 18, 2020) (quoting *Lane v. Wexford Health Sources (Contreator)*, 510 F. App'x 385, 388 (6th Cir. 2013)); *see King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (concluding that "the district court did not abuse its discretion in denying the motion for discovery" in part because the plaintiff's "counsel did not specify any actual discoverable evidence that he hoped to obtain with discovery"). Moreover, "[m]ere speculation that there is some relevant evidence not yet discovered will never suffice." *Prewitt v. Hamline Univ.*, 764 F. App'x 524, 531 (6th Cir. 2019) (quoting *Saulsberry v. Fed. Exp. Corp.*, 552 F. App'x 424, 427 (6th Cir. 2014)).

*v. Berghuis*, No. 1:15-cv-585, 2018 WL 1374032, at *2 (W.D. Mich. Mar. 19, 2018) ("Plaintiff's failure to comply with Rule 56(d), both in technical form and substance, is sufficient reason to deny his present requests." (collecting cases)); *Murphy v. Grenier*, 406 F. App'x 972, 976 (6th Cir. 2011) ("hold[ing] that the district court did not grant the defendants' summary judgment motion prematurely" because the plaintiff's "document failed to meet the requirements of Rule 56(d)").

### c. *Plaintiff's Failure to Indicate how the Requested Discovery Would Raise a Factual Question to Defeat Herron's Summary Judgment Motion*

Plaintiff's discovery request is also deficient under Rule 56(d) because he fails to indicate how the desired discovery would raise a factual question to overcome Herron's summary judgment motion. "To obtain relief under Rule 56(d), a plaintiff must specify, in pertinent part, how [the] discovery would create a factual dispute sufficient to defeat summary judgment." *Turner*, 2018 WL 1374032, at *3 (citing

---

In his filings, Plaintiff argues that "there is the potential for further evidence to be disclosed during the course of discovery that provides insight into the method of the[] alleged assaults" (ECF No. 84, PageID.682), that his medical records "may provide further insight into the[] assaults" (*id.*), that his "records and other evidence have the potential to provide support for the[] claims" (*id.*), and that "meaningful discovery" would shed light on "the technology he complains of . . . and the source of his claims." (ECF No. 86, PageID.735.) These arguments lack the specificity and certainty necessary to grant him relief under Rule 56(d).

*CenTra, Inc. v. Estrin*, 538 F.3d 402, 420–21 (6th Cir. 2008); *Plott*, 71 F.3d at 1196). The Sixth Circuit instructs that "[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Doe*, 928 F.3d at 490 (quoting *In re Bayer Healthcare & Merial Ltd. Flea Control Prod. Mktg. & Sales Pracs. Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014)).

In this case, the R&R recommends granting Herron's motion for summary judgment because Plaintiff's allegations about being force-fed human waste through a "light system" or "security system" are "fantastic and delusional without a genuine issue of material fact." (ECF No. 85, PageID.726–727.) These allegations form the basis of Plaintiff's claims, including his excessive force claim against Herron. (*See* ECF No. 35, PageID.179–180.) As noted, Plaintiff wants discovery to obtain his medical records, and he argues in his objection that he "believes that if meaningful discovery were conducted the technology he complains of would be evident and the source of his claims would be discoverable." (ECF No. 86, PageID.735.) But Plaintiff does not show how the requested discovery is relevant to Herron's motion, let alone

21

how the discovery would defeat the motion. Plaintiff does not explain how the medical records he seeks would make the "technology he complains of . . . evident" (*id.*) or how any discovery would otherwise demonstrate that his allegations are not fantastic or delusional.[8] Thus, Plaintiff does not show how the desired discovery would impact a decision on Herron's motion. Because Plaintiff does not specify how the discovery he seeks would raise a factual question that challenges Herron's summary judgment motion, Plaintiff's request for discovery under Rule 56(d) is denied. *See Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 226 (6th Cir. 2015) (affirming the denial of the plaintiff's Rule 56(d) request because it was not sufficient

---

[8] Plaintiff stated in his response to Herron's summary judgment motion that "his medical records . . . may provide further insight into the[] assaults" and that "his dental records may provide evidence of deterioration as a result of the assaults." (ECF No. 84, PageID.682.) During his deposition, Plaintiff testified that Herron's "actions" have caused him to suffer "[p]hysical illness, vomiting, feeling sick, aggravation of [his] preexisting medical condition called 'GERD,' chest pain that mimicked a heart attack." (ECF No. 84-1, PageID.709.) Plaintiff also testified that he previously filed a grievance complaining that the "light system" or "safety system" pulled his teeth in such a way as to create a gap in his mouth and an overbite. (*Id.* at PageID.707.) Even if Plaintiff's medical and dental records document the physical conditions he identified during his deposition, the records would not contain information that demonstrates the existence of the "light system" or "safety system" at issue and shows that Plaintiff's allegations are not fantastic or delusional.

for the plaintiff to provide "one unsworn statement" stating that it will seek documents, take depositions, retain an expert, and conduct other discovery without specifying how those "materials would help [it] in opposing summary judgment").

> ### d. The Plott Factors Favor Denying Plaintiff's Rule 56(d) Request

The Court's analysis of the *Plott* factors provides further grounds for denying Plaintiff's request for discovery in his second objection. "[I]n reviewing a district court's ruling on a motion for further discovery," the Sixth Circuit considers five "*Plott* factors"[9]:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Doe*, 928 F.3d at 491 (quoting *CenTra, Inc.*, 538 F.3d at 420).[10] "The overarching inquiry in these factors is whether the moving party was

---

[9] "The [*Plott*] factors have that name because [the Sixth Circuit] articulated them in *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 312 n.8 (6th Cir. 2020).

[10] The Sixth Circuit noted in *Doe v. City of Memphis* that "it does not appear that the district court considered all five of the *Plott* factors, as it never acknowledged them." 928 F.3d 481, 491 (6th Cir. 2019). Other district courts in the

23

diligent in pursuing discovery." *Xoran Holdings LLC v. Luick*, No. 16-13703, 2019 WL 4735497, at *7 (E.D. Mich. Sept. 27, 2019) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The *Plott* factors are discussed below.[11]

---

Sixth Circuit—including a court in this district—indicate that "[i]n ruling on a Rule 56(d) motion, courts should consider the five *Plott* factors." *B. Riley Wealth Mgmt., Inc. v. XL Specialty Ins. Co.*, No. 2:20-cv-02605-JTF-cgc, 2021 WL 6884742, at *3 (W.D. Tenn. Mar. 1, 2021); *see Rudd Equip. Co., Inc. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-00778-DJH-CHL, 2020 WL 6492917, at *2 (W.D. Ky. Nov. 4, 2020) ("In considering a Rule 56(d) motion, district courts within the Sixth Circuit weigh five factors" that are listed in *Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019).); *Xoran Holdings LLC v. Luick*, No. 16-13703, 2019 WL 4735497, at *7 (E.D. Mich. Sept. 27, 2019) (indicating that the *Plott* "factors should be considered when a party seeks relief pursuant to Rule 56(d)"). At the same time, cases from outside this district appear to indicate that the Sixth Circuit's *Plott* factors come into play after a district court determines that the moving party "has complied with [Rule 56(d)'s] procedural requirements." *Keene v. Wellpath Corp.*, No. 3:20-CV-P676-CHB, 2022 WL 492974, at *3 (W.D. Ky. Feb. 17, 2022); *see Baker v. Jordan*, No. 3:18-cv-471, 2021 WL 3782896, at *3 (W.D. Ky. Aug. 25, 2021); *Schobert v. CSX Transportation Inc.*, 504 F. Supp. 3d 753, 803 (S.D. Ohio 2020); *Alvarado Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-cv-00583, 2020 WL 3316115, at *3 (M.D. Tenn. June 18, 2020). Here, the Court has already determined that Plaintiff did not comply with Rule 56(d)'s procedural requirements. But the Court uses the *Plott* factors to evaluate Plaintiff's request for discovery in light of the cases in this footnote that instruct that the factors should be applied in reviewing a Rule 56(d) request.

[11] The Court focuses its analysis of the *Plott* factors on Plaintiff's claims against Herron and the events that took place in Case Number 18-cv-12471 before Herron filed his summary judgment motion because Plaintiff's second objection challenges the R&R's findings regarding Herron's motion (*see* ECF No. 86, PageID.734; ECF No. 85, PageID.726–727) and because Plaintiff seeks discovery prior to a ruling on that motion.

> *Factor 1: When Plaintiff Learned of the Issue that is the Subject of the Desired Discovery*

The first factor asks when Plaintiff "learned of the issue that is the subject of the desired discovery." *Doe*, 928 F.3d at 491. "This factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Id.* at 492–93 (citing *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992)).

Here, the Court cannot conclude that "something . . . prevented" Plaintiff "from learning about a subject of desired discovery until after some discovery had already been sought." *Id.* To the extent the desired discovery relates to Plaintiff's alleged "assaults" (*see* ECF No. 84, PageID.682), Plaintiff knew about this issue from the outset of the litigation because he references "assaults" in his initial complaint filed in Case Number 18-cv-12471. Plaintiff was presumably also aware of the existence of his medical records when he filed his complaint without having conducted discovery. Because there is no indication that Plaintiff was "prevented . . . from learning about a subject of desired discovery until after some discovery had already been sought," *Doe*, 928

F.3d at 493 (internal citation omitted), this factor does not favor granting Plaintiff's request for discovery.

> *Factor 2: Whether the Desired Discovery Would Change the Court's Ruling*

The second factor asks whether the desired discovery would change the Court's ruling. *See id.* at 491. In this case, Plaintiff does not indicate how the discovery he seeks relates to his claims or to Herron's summary judgment motion, as discussed above. It is unclear how Plaintiff's medical records and proposed discovery are relevant to his claims, such as his "Excessive Use of Force" claim against Herron in Count 1. (ECF No. 35, PageID.179–180.) It is also unclear how Plaintiff's medical records and any further discovery would help him defeat Herron's summary judgment motion by (1) demonstrating that his allegations are not fantastic or delusional or (2) raising a question of material fact. Because Plaintiff fails to show that the discovery will impact a ruling on Herron's motion, this factor favors denying Plaintiff's request.

> *Factor 3: The Length of the Discovery Period*

Regarding the factor concerning the length of the discovery period, the Sixth Circuit determined in one of its cases that a discovery period

of "nearly five months . . . was a sufficient amount of time for Defendants to conduct *some* discovery." *E.M.A. Nationwide, Inc.*, 767 F.3d at 625 (emphasis in original). In a different case that was brought under § 1983, the Sixth Circuit found that a "period of seven months was itself sufficient for completing discovery . . . ." *Dunlap v. Sevier Cnty.*, No. 20-6216, 2021 WL 3123914, at *4 (6th Cir. July 23, 2021); *see Jordan v. City of Detroit*, 557 F. App'x 450, 456 (6th Cir. 2014) ("[T]he discovery period [in a § 1983 action] lasted about seven months, a reasonable time frame."). In addition, a court in the Middle District of Tennessee determined in a case before it that "the parties' proposed discovery period of roughly six months . . . was not an unreasonable discovery period, which weigh[ed] against [a] Rule 56(d) motion." *Curb Recs., Inc. v. Lee*, No. 3:21-cv-00500, 2022 WL 1467915, at *4 (M.D. Tenn. Feb. 4, 2022) (citing *E.M.A. Nationwide, Inc.*, 767 F.3d at 625). At the same time, the Sixth Circuit notes that "what constitutes a reasonable length of time for the duration of discovery is so particular to the facts and circumstances of a given case that examining what lengths of time this Court has found sufficient for discovery in the past in not particularly helpful." *Doe*, 928 F.3d at 494; *see* 10B Charles Alan

27

Wright, *et al.*, *Fed. Prac. & Proc. Civ.* § 2741 (4th ed. 2022) ("Quite logically, what constitutes an adequate opportunity for discovery to oppose a summary-judgment motion will vary depending on the subject matter and other circumstances of the action.").

Here, discovery in Case Number 18-cv-12471 lasted a total of nine months prior to the filing of Herron's summary judgment motion. Out of the nine months of discovery, Plaintiff was represented by an attorney for five of those months. The length of the discovery period was not unreasonable based on the complexity of Plaintiff's allegations and claims. Considering the particular facts and circumstances of this case, the Court concludes that this factor does not favor Plaintiff.

> *Factor 4: Whether Plaintiff was Dilatory in his Discovery Efforts*

As noted above, the fourth factor, which asks whether Plaintiff "was dilatory in [his] discovery efforts," *Doe*, 928 F.3d at 491, is "[t]he overarching inquiry" in the five-factor analysis, *Xoran Holdings LLC*, 2019 WL 4735497, at *7; *see Doe*, 928 F.3d at 491; *Cline v. Dart Transit Co.*, 804 F. App'x 307, 313 (6th Cir. 2020).

Here, there is not a clear indication that Plaintiff was dilatory in pursuing discovery. Plaintiff states in his second objection that he "was

largely unsuccessful . . . without the assistance of counsel" in "conduct[ing] discovery on his own." (ECF No. 86, PageID.735.) Plaintiff states that "[s]ince he was appointed counsel, [he] has attempted to obtain his medical records but was unsuccessful." (*Id.*) In addition, Plaintiff previously stated in his response to Herron's summary judgment motion that he was then "waiting on outstanding evidence of his medical records from his medical provider." (ECF No. 84, PageID.682.) Plaintiff stated that he "submitted a HIPPA request for these records; however, the medical provider did not respond. Thereafter, Plaintiff . . . subpoenaed the records." (*Id.*) Defendants provide no argument or evidence to counter Plaintiff's assertions regarding his discovery efforts or his external challenges in obtaining his medical records. Therefore, the Court does not find a lack of diligence on Plaintiff's part with respect to his attempts to obtain his medical records.[12] Because the Court does not have information

---

[12] Plaintiff stated in his response to Herron's summary judgment motion that his dental records "may provide evidence of deterioration as a result of the assaults." (ECF No. 84, PageID.682.) It is unclear whether Plaintiff has taken any steps to retrieve his dental records or whether they are already in his possession. In his second objection, Plaintiff does not mention his dental records or discuss his efforts to obtain them. (*See* ECF No. 86, PageID.735.) Without more information,

demonstrating that Plaintiff was dilatory in his discovery efforts, this factor favors granting Plaintiff's request for discovery.

> *Factor 5: Whether Herron was Responsive to Discovery Requests*

With respect to the fifth factor, the Sixth Circuit "analyze[s] this factor in the context of whether the [defendant] missed any discovery deadlines, failed to turn over critical documents in response to a request for production, or failed to respond to the [plaintiff's] initial discovery requests." *Dunlap*, 2021 WL 3123914, at *5 (citing *Cline*, 804 F. App'x at 316; *Doe*, 928 F.3d at 495).

In this case, the record does not demonstrate that Herron was unresponsive. When Plaintiff was self-represented, he filed discovery-related motions in Case Number 18-cv-12471, but the motions (*see* ECF No. 29, 44, 55) were denied as lacking merit. (*See* ECF No. 33, 63, 69.) In his response to Herron's summary judgment motion, Plaintiff stated that a "medical provider did not respond" to his request for his medical records. (ECF No. 84, PageID.682.) But Plaintiff did not fault Herron

---

the Court cannot conclude that Plaintiff was dilatory in his efforts to obtain his dental records.

for this issue. Because there is no showing that Herron failed to respond to discovery requests, this factor does not weigh in Plaintiff's favor.

### Balancing the Five *Plott* Factors

In balancing the five *Plott* factors discussed above, the Court finds it appropriate to deny Plaintiff's request for discovery under Rule 56(d). That the Court cannot conclude that Plaintiff was dilatory in his discovery efforts favors granting Plaintiff's request. But the four remaining factors support denying the request, given that (1) Plaintiff knew about the alleged assaults and medical records without discovery, and Plaintiff was not prevented from learning about a topic of desired discovery until after some discovery had taken place; (2) Plaintiff does not show that the requested discovery would alter a decision on Herron's summary judgment motion; (3) nine months of discovery (including five months of discovery with an attorney) was not an unreasonable amount of time for discovery in this case; and (4) Herron was not unresponsive to discovery requests based on the record before the Court. Plaintiff's request for discovery under Rule 56(d) is therefore denied based on an analysis of the *Plott* factors.

In sum, Plaintiff's second objection does not identify a specific flaw in the R&R's finding that there is no genuine issue of material fact, and it does not show that Plaintiff is entitled to more discovery prior to a ruling on Herron's motion under *Thompson* or Rule 56(d). Accordingly, Plaintiff's second objection is denied.

## C. Plaintiff's Third Objection

In his third objection, Plaintiff challenges the R&R's recommendation to grant summary judgment to Herron because (1) Plaintiff's allegations are fantastic or delusional and (2) Plaintiff fails to establish a genuine issue of material fact that would allow a jury to find in his favor. (*See* ECF No. 86, PageID.736–737; ECF No. 85, PageID.724–727.)

The R&R "suggest[s] that [Plaintiff's] allegations are fantastic or delusional without a genuine issue of material fact." (*Id.* at PageID.727.) The R&R notes that in a different § 1983 case, *McCree v. Gulati*, "the plaintiff alleged violations of the Eighth Amendment during his incarceration at a correctional facility," including

> that he had been "attacked" by bed bugs, that he suffered significant blood loss and required an IV, that there were 300-400 flies on his body, and that he had malaria, which caused bugs to come out of his skin, among other allegations.

32

> 2021 WL 4047390, at *3-4. The Court [in *McCree*] found, on
> a motion for summary judgment, that "because the medical
> record does not contain evidence from which a reasonable
> juror could conclude that [the plaintiff] suffers from an
> infestation of parasites or malaria for which [the defendants]
> have failed to treat him," summary judgment was granted in
> favor of the defendants. *McCree*, 2021 WL 4047390, at *9.

(ECF No. 85, PageID.726.) The R&R determines that "summary judgment is proper in favor of [Herron]" because like the record in *McCree*, "the record here does not contain evidence from which a reasonable juror could conclude that [Herron] could transmit human feces through a light system directly into Plaintiff's mouth." (*Id.*) The R&R also determines that Plaintiff's deposition testimony "explain[ing] that he was force-fed human feces via disbursement through a light system or a security system . . . do[es] not create a genuine issue of material fact from which a reasonable jury could find in Plaintiff's favor."[13] (ECF No. 85, PageID.726–727.)

---

[13] The Court notes that Plaintiff was represented by counsel when he was deposed on July 22, 2021 (*see* ECF No. 77-2, PageID.641; ECF No. 84-1, PageID.690) and that Plaintiff's attorney attended the deposition. (*See* ECF No. 84-1, PageID.713–714). Plaintiff's counsel was therefore present when Plaintiff testified about the alleged assaults taking place through a "light system" or "security system."

In his objection, Plaintiff disputes the R&R's finding regarding the nature of his allegations. Plaintiff argues that "his claims, while far-fetched[,] do not reach the level of fantastical or delusional" and "are distinguishable from other claims which this court has dismissed." (ECF No. 86, PageID.736.) Plaintiff also argues that "the present matter is distinguishable from *McCree*." (*Id.*; *see* ECF No. 85, PageID.725–726.) He states that "[i]n *McCree*, the plaintiff's claims were deemed delusional because there was no evidence of the bug bites after he was seen by the doctors multiple times," and the plaintiff "refused to be treated for delusional thinking." (ECF No. 86, PageID.736.) Plaintiff argues that this case

> is different from *McCree* because in the present matter, Plaintiff has alleged that the force-feeding of feces is the source of his GERD symptoms. The defendants have not shown that Plaintiff's symptoms are un-real or unrelated to the alleged assaults. Furthermore, the present matter is distinguishable from *McCree* because Plaintiff has been treated by a psychologist, Dr. Eelbode[,] for psychiatric disorders. Plaintiff maintains that because of these differences, this Court should find that Plaintiff's claims are distinguishable from *McCree* and should not be dismissed as fantastical or delusional.

(*Id.*) In addition, Plaintiff argues in his objection that "this Court should not adopt the [R&R] and should find that there exists a genuine issue of

34

material fact" because "[i]n his response to [Herron's] motion for summary judgment, Plaintiff maintained that . . . Herron bragged about force feeding feces to Plaintiff. This alleged admission of the assault could cause a jury to find for Plaintiff." (*Id.* at PageID.736–737.)

Plaintiff's objection lacks merit because it does nothing to challenge the R&R's analysis of Plaintiff's statements indicating that a "light system" or "security system" was used to assault him. This analysis is a key consideration in the recommendation to grant summary judgment to Herron. Even if—as Plaintiff argues in his objection—he alleges that he experiences certain symptoms as a result of the assaults or alleges that Herron bragged about the assaults, Plaintiff points to no evidence that could possibly allow a jury to conclude that a "light system" or "security system" was involved in the assaults or is somehow tied to his symptoms. Thus, Plaintiff provides no basis for the Court to disturb the R&R's findings that Plaintiff's allegations are fantastic or delusional and that the "facts offered [by Plaintiff] in rebuttal do not create a genuine issue of material fact from which a reasonable jury could find in Plaintiff's favor." (ECF No. 85, PageID.727.) *See Burnett v. Walsh*, No. 18-11063, 2022 WL 18110832,

at *2 (E.D. Mich. Oct. 7, 2022) ("Indeed, [Plaintiff] has raised similar allegations in numerous other cases, and they, too, have been deemed delusional . . . ." (citing *Burnett v. Lane*, No. 1:21-cv-462, 2021 WL 2659631, at *3 (W.D. Mich. June 29, 2021); *Burnett v. Caruso*, No. 2:10-cv-79, 2010 WL 3851782, at *2 (W.D. Mich. Sept. 27, 2010); *Burnett v. Caruso*, No. 2:08-cv-168, 2009 WL 33470, at *1–3 (W.D. Mich. Jan. 5, 2009))), *report and recommendation adopted*, No. 18-cv-11063, 2022 WL 17986682 (E.D. Mich. Dec. 28, 2022).

Moreover, Plaintiff does not present a valid reason for the Court to reject the R&R's conclusion that

> the factual development at this stage has distinguished the present motion from the initial motion to proceed *in forma pauperis*. Then, the Sixth Circuit found that allegations of being force-fed feces was not fantastical. Now, Plaintiff explains that not only was he force-fed feces, but that they were dispersed into his mouth through a light or security dispersant system that travelled through light or air— exactly how this system works is unclear. . . . Given these new factual developments obtained through [the] deposition of Plaintiff, I suggest that the allegations are fantastic or delusional without a genuine issue of material fact, and that [Herron's] motion should be granted on this basis.

(ECF No. 85, PageID.727.)

In a different case filed by Plaintiff in this district, Plaintiff alleged that certain defendants force-fed him "feces and other bodily fluids" and "direct[ed] profanity and racial slurs" at him. (Case Number 18-cv-11063, ECF No. 1, PageID.3.) The district court concluded that Plaintiff's allegations presented "fantastic or delusional scenarios" and therefore dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B). (Case Number 18-cv-11063, ECF No. 11, PageID.59.) The Sixth Circuit reversed the district court's dismissal of Plaintiff's complaint because "[a]though far-fetched, [Plaintiff's] allegations are not so 'fantastical or delusional' that dismissal is justified." (Case Number 18-cv-11063, ECF No. 23, PageID.103.)

Plaintiff subsequently filed an amended complaint in that case in which he

> made clear that his claims rest[ed] on the assertion that Defendants were using "a radio controlled device" to allegedly put human waste and semen in his mouth and direct racial slurs at him. (ECF No. 67, PageID.476-77, 480). [Plaintiff] allege[d] that Defendants conspired "to keep [this] unfamiliar security device a secret" and to "label [him] as delusional when [he] began to complain about being harmed by the unfamiliar security device." (*Id.*, PageID.478.)

37

*Burnett*, 2022 WL 18110832, at *2 (footnote omitted). Upon consideration of Plaintiff's allegations in his amended complaint, the court found it appropriate to dismiss the complaint as frivolous under § 1915(e)(2)(B) because Plaintiff's "allegations are fantastic and delusional and rise to the level of the 'irrational or wholly incredible' and need not be credited by the Court." *Id.* (internal citation omitted); *see Burnett*, 2022 WL 17986682, at *3 ("[Plaintiff's] new clarification, that the 'unknown security device is a radio controlled device that the defendants are using to communicate with me and put human waste in my mouth,' is entirely fantastic."). The court recognized the Sixth Circuit's prior decision but noted that Plaintiff's original complaint did not specify (as the amended complaint did) that there was an "unknown security device [that] is a radio controlled device that the defendants are using to communicate with [him] and put human waste in [his] mouth." *Burnett*, 2022 WL 18110832, at *2 n.3.

A similar distinction is appropriate here. In reviewing this Court's denial of Plaintiff's application to proceed without prepaying the fees and costs of the litigation (referred to in the R&R as Plaintiff's "motion to proceed *in forma pauperis*"), the Sixth Circuit previously found that

38

Plaintiff's allegations that Herron and a Jane Doe Defendant were force-feeding him feces at least three times a week were "certainly far-fetched" but "not so fantastical or delusional that [Plaintiff] should not be granted permission to proceed in forma pauperis, especially when accepted as true and liberally construed." (ECF No. 13, PageID.84.) In his initial complaint that the Sixth Circuit reviewed, Plaintiff alleged the "assaults" without specifying that they took place through a "light system" or "safety system." (*See* ECF No. 1, PageID.2–5.) In his amended complaint, Plaintiff alleges that Herron and Jane Doe #1 used "the safety systems" to carry out the assaults. (ECF No. 35, PageID.177.) However, "the safety systems" is "undefined in his [amended] complaint and could . . . refer[] to a wide variety of apparatuses and situations." *Burnett*, 2022 WL 17986682, at *3. Plaintiff's deposition testimony provides details about the "system" used to "assault" him. As the R&R notes, the details provided by Plaintiff during his deposition regarding "a light or security dispersant system that travelled through light or air" now demonstrate that his allegations are fantastic or delusional. (ECF No. 85, PageID.727.)

In sum, Plaintiff's objection does not show that the R&R makes incorrect findings about the nature of his allegations and the lack of a factual question. Accordingly, Plaintiff's third objection is denied.

## IV. Conclusion

For the reasons set forth above, Plaintiff's first objection is granted and his second and third objections are denied. The R&R (ECF No. 85) is ADOPTED IN PART,[14] Herron's motion for summary judgment (ECF No. 77) is GRANTED, and the case is DISMISSED *sua sponte* as to the remaining Defendants (identified on the docket as Amie Jenkins, Officer Jones, Officer Elrod, and Jane Does).

IT IS SO ORDERED.

Dated: March 30, 2023          s/Judith E. Levy
     Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2023.

---

[14] As discussed above, the portion of the R&R that is not adopted is the recommendation to deny Plaintiff's motion for summary judgment, given that Plaintiff's filing is not a motion and is a response to Herron's summary judgment motion.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager